

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Dallas Blankenship, Chairman
Criminal Jurisprudence Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3221
Re: Constitutionality of House
Bill No. 88 (Sedition Act)

As Chairman of the Criminal Jurisprudence Committee, you have requested the opinion of this department upon the constitutionality of the provisions of House Bill No. 88, pending before the House of Representatives at this time, which said House Bill reads as follows:

" A BILL TO BE ENTITLED

'AN ACT to make it unlawful for any person by word of mouth, writing, sign or symbol to wilfully and deliberately advocate, advise or teach the doctrine that the government of the United States or of any state or of any political subdivision thereof should be overthrown or overturned by force, violence or any unlawful means; or any person who prints, publishes, edits, issues or sells any books, papers, documents or written or printed matter in any form containing or advocating, advising or teaching the doctrine that the government of the United States or of any state or of any political subdivision thereof should be overthrown by force, violence or any unlawful means, and who advocates, advises, teaches, or embraces the duty, necessity or propriety of adopting the doctrine contained therein; or any person who organizes or helps to organize or become a member of any society or group of persons which teaches or advocates that the government of the United States or of any state or of any political subdivision thereof shall be overthrown by force

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or violence or by any unlawful means, and providing a penalty and an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1. Any person who by word of mouth, writing, sign or symbol, wilfully and deliberately advocates, advises or teaches the doctrine that the government of the United States or of any state or of any political subdivision thereof should be overthrown or overturned by force, violence or any unlawful means; or

"(b) Any person who prints, publishes, edits, issues or sells any books, papers, documents or written or printed matter in any form containing or advocating, advising or teaching the doctrine that the government of the United States or of any state or of any political subdivision thereof should be overthrown by force, violence or any unlawful means, and who advocates, advises, teaches, or embraces the duty, necessity or propriety of adopting the doctrine contained therein; or

"(c) Any person who organizes or helps to organize or become a member of any society or group of persons which teaches or advocates that the government of the United States or of any state or of any political subdivision thereof shall be overthrown by force or violence or by any unlawful means, shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by confinement in the penitentiary for a period of not more than ten years.

"SECTION 2. The fact that Section 2 of Article 1 of the Constitution of the State of Texas says: 'The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all time the inalienable right to alter, reform or abolish their government in such manner as they may think expedient', and the fact that certain elements,

dictated to and dominated by foreign influence are trying to overthrow our republican form of government by force, violence and unlawful means, against the wishes and well-being of the majority, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three separate days be suspended, and said Rule is suspended, and this Act shall take effect immediately from and after its passage, and it is so enacted."

This Act is patterned, in general, after similar acts passed by many other states in the Union, notably the State of New York, California, Illinois, and others. Sedition Acts have generally been upheld as against the contention that they violated constitutional guarantees of free speech, free press, or freedom of assembly. Gitlow v. New York, 127 N. Y. Supp. 783; Idem, 268 U. S. 652, 69 L. Ed. 1138; People v. Lloyd, 304 Ill. 23, 136 N. E. 505; State v. Tachin, 92 N. J. L. 269, 106 A. 145, affirmed in 93 N. J. L. 337, 108 A. 317; cases noted in 1 A. L. R. 336; 20 A. L. R. 1535; 73 A. L. R. 1494. Under these authorities, the constitutionality of Sections 1(a) and 1(b) of House Bill No. 88 is not to be doubted.

Section 1(c) of House Bill No. 88 we believe to be violative of the due process clauses of the State and the Federal Constitutions. It is to be noted that this section, as drafted, condemns the person who organizes or helps to organize or becomes a member of a society or group of persons which teaches or advocates the overthrow of governments by violence or unlawful means.

As this section is now written, an unlawful intent or guilty knowledge of the character and purpose of the group or society is not made an element of the offense. Organization of a society or group of persons for lawful discussions or purposes, though innocent in its inception, would become a crime, and the organizers subjected to the punishment provided, if the group or society, without the organizer's knowledge or over his protest, should teach or advocate the overthrow of the government by unlawful means. Becoming a member of a society or group of persons is fraught with peril, for the society or group may have an unlawful character or purpose not disclosed to the person joining.

If the substance rather than the form is to be observed in respect to constitutional guaranties, a statute so broadly drawn cannot be sustained as "due process of law". A citizen is certainly entitled to organize an assembly to discuss issues of the day in a lawful manner, without being subjected to a penal responsibility for an unlawful character which the assembly, without his knowledge, or perhaps even against his vigorous opposition, later assumed. "Due process of law" must embrace an immunity from such arbitrary and unreasonable legislation as would attach to the innocent exercise of a constitutional right the taint of illegality because of the acts of others. As said by the Supreme Court of the United States, in the recent case of DeJonge v. State, 299 U. S. 353, 81 L. Ed. 278:

"These rights may be abused by using speech or press or assembly in order to incite to violence and crime. The people through their legislatures may protect themselves against that abuse. But the legislative intervention can find constitutional justification only by dealing with the abuse. The rights themselves must not be curtailed. * * *"

The constitutional question thus arising may be removed by rephrasing Section 1(c) to read as follows:

"Any person who organizes or helps to organize a society or group of persons to teach or advocate, or who knowingly is or becomes a member of a society or group of persons which teaches or advocates, that the government of the United States or of any state or political subdivision thereof should be overthrown by force, or violence or by any unlawful means shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by confinement in the penitentiary for a period of not more than ten years."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:LN